IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BENJIE LORENZO CARDENAS,**
and
**VIOLA PRIETO,**

      Plaintiffs,

vs.                                                          NO.CIV 06-0936 JH/RLP

**OFFICER MATTHEW FISHER,**
et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### ORDERING PRODUCTION OF PORTIONS OF DEFENDANT
### FISHER'S INTERNAL AFFAIRS FILE AND PERSONNEL FILE

This matter is before the court on the Stipulated Protective Order filed by the parties on March 12, 2007 [Docket No. 25]. In that Stipulated Order, the parties agreed that Defendant City of Albuquerque would present Defendant Fisher's Internal Affairs and Personnel Files to the court for *in camera* inspection, in order for the court to determine which portions of the files should be produced in this litigation. The court does not have before it the Interrogatory or Request for Production to which the Stipulated Protective Order was addressed, the Response to that Request, any evidence that the privilege log or Vaughn index provided to the court was served on Plaintiffs' counsel, or any framing of the issues by the parties related to the permissible scope of discovery under the facts of this case.

Plaintiffs allege that on or about December 3, 2005, Defendant Fisher entered Plaintiff Prieto's home without an arrest or search warrant and used excessive force while arresting Plaintiff Cardenas without probable cause. (Complaint ¶¶ 11,13). Plaintiffs further claim that the arrest and subsequent prosecution of Plaintiff Cardenas was caused by Defendant Fisher mistaking him for one

Isaac Romero (Complaint ¶¶ 14-16), that Defendant Fisher continued to maintain that Plaintiff Cardenas was Isaac Romero despite significant evidence to the contrary (Complaint ¶¶ 18, 23-25, 29-30), that Defendant Fisher permitted exculpatory evidence to be removed from police custody (Complaint ¶¶ 17, 19, 20, 21, 22) and that Defendant Fisher was significantly impaired and therefor unfit for duty on December 3, 2005, due to a migraine headache. (Complaint ¶¶ 26-27).

Discussion

Discovery in federal courts is governed by the Federal Rules of Civil Procedure. Atteberry v. Longmont United Hosp. 221 F.R.D. 644, 646 (D.Colo.2004).

An individual's interest in preventing disclosure of personal matters by government is within the zone of privacy protected by the Constitution. Flanagan v. Munger, 890 F.2d 1557, 1570 )10th Cir. 1980) (citing Whalen v. Roe, 429 U.S. 589, 599 & n. 24, 97 S.Ct. 869, 876 & n.. 24 (1977).

Defendant City as agreed to produce Defendant Fisher's personnel file, provided that Defendant Fisher's privacy is protected by appropriate redaction of all references to his social security number, home address, and home telephone number. The court finds the request for these redactions to be reasonable.

**IT IS HEREBY ORDERED** that Defendant City of Albuquerque shall produce the personnel file of Defendant Fisher, with redaction of all references to his social security number, home address, and home telephone number.

The court will take under advisement the production of Internal Affairs files related to Defendant Fisher, pending the completion of the following:

(1)  Defendant City of Albuquerque shall file a certification with the Clerk of the Court, indicating the date upon which the privilege log or Vaughn Index was served on counsel for Plaintiffs. That certification shall be filed no later than April 16, 2007;

(2)     Plaintiffs shall have until April 23, 2007 to file any objections to the privilege log or Vaughn Index and Defendant City's proposed document production.

**IT IS SO ORDERED**.

_____
RICHARD L. PUGLISI
United States Magistrate Judge