IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BENJIE LORENZO CARDENAS**

and

**VIOLA PRIETO,**

      **Plaintiffs,**

**VS.**                                                                                    **No. Civ. 06-0936 JH/RLP**

**OFFICER MATTHEW FISHER**
**An Officer of the Albuquerque**
**Police Department, Individually and**
**In His Official Capacity and**

**CITY of ALBUQUERQUE,**

      **Defendants.**

## MEMORANDUM OPINION and ORDER

The Parties previously presented to the Court a Stipulated Protective Order pertaining to production of the Internal Affairs File and Personnel File of Matthew Fisher. The Stipulated Protective Order was entered on March 12, 2007. [Docket No. 25]. The court has ordered the production of Defendant Fisher's Personnel File, with appropriate redactions. [Docket No. 33]. This Memorandum Opinion and Order addresses production of Defendant Fisher's Internal Affairs files.

Defendants have prepared and serviced on Plaintiff a privilege log or Vaughn Index, related to the contents of Defendant Fisher's Internal Affairs Files. [Docket No. 34]. By Order of this court, Plaintiff was given until April 23, 2007, to file objections to the Index or to Defendants' proposed production. [Docket No. 33]. No objections have been filed.

Analysis

Plaintiffs allege that on or about December 3, 2005, Defendant Fisher entered Plaintiff Prieto's home without an arrest or search warrant and used excessive force while arresting Plaintiff Cardenas without probable cause. (Complaint ¶¶ 11,13). Plaintiffs further claim that the arrest and subsequent prosecution of Plaintiff Cardenas was caused by Defendant Fisher mistaking him for one Isaac Romero (Complaint ¶¶ 14-16), that Defendant Fisher continued to maintain that Plaintiff Cardenas was Isaac Romero despite significant evidence to the contrary (Complaint ¶¶ 18, 23-25, 29-30), that Defendant Fisher permitted exculpatory evidence to be removed from police custody (Complaint ¶¶ 17, 19, 20, 21, 22) and that Defendant Fisher was significantly impaired and therefor unfit for duty on December 3, 2005, due to a migraine headache. (Complaint ¶¶ 26-27).

Defendants object to production of Defendant Fisher's IA files on various grounds including Defendant Fisher's right to privacy; lack of relevancy, documents not calculated to lead to the discovery of admissible evidence; confidentiality of certain documents pursuant to City of Alb. Code of Ordinances 4-1-13; Plaintiffs' failure to show substantial need or undue hardship; events occurring after the incident alleged in this suit. No analysis of their objections has been presented. Likewise, Plaintiffs have made no attempt to address the objections to production raised by Defendants.

The right to confidentiality of matters contained in police internal affairs files is not absolute. *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 437 (10th Cir. 1981). The parties have submitted the files to the court for *in camera* review, so that the court may consider the proper balance between Plaintiffs' right to access to relevant information and Defendant Fisher's right to be free from an intrusive examination into personal matters.

The procedure under *Lichtenstein* requires the court to determine whether the information contained in the internal affairs files is so personal or sensitive as to warrant protection, and whether

2

the individuals's right of privacy is outweighed by some outside compelling interest. The court must also determine if the requested material is relevant. *Id.* at 437. Generally, the court must also consider whether there exists a legitimate expectation of privacy in the matters contained in the file; if the disclosure serves a compelling interest, and whether the disclosure can be made in the least intrusive manner. *Id.* at 435. A complete ban of disclosure of internal affairs files is not necessary to protect the government's or the public's interest. *Id.* at 437. However, the court must carefully balance the competing interest to determine whether information should be produced or disclosed.

If the documents in Defendant Fisher's internal Affairs files are relevant and not privileged, and if Plaintiffs' right of access to relevant, discoverable information outweighs Fisher's expectation of privacy, then documents can be produced.

My review of the internal affairs files indicates that they are not relevant, disclosure of these files would not lead to the discovery of admissible evidence, and any arguable relevancy is outweighed by Defendant Fisher's right to privacy.

Defendants are not required to product any part of Defendant Fisher's internal affairs file. Defense counsel shall retrieve Defendant Fisher's Personnel and Internal affairs files from the undersigned judge's chambers within twenty days.

_____
Richard L. Puglisi
United States Magistrate Judge